1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT JOHNSON,

11          Plaintiff,                    No. CIV S-07-1525 GEB KJM

12      vs.

13   S & B, LLC, et al.,                  ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff's motion for default judgment was submitted on the papers.  Upon

17   review of the documents in support, no opposition having been filed, and good cause appearing

18   therefor, THE COURT FINDS AS FOLLOWS:

19          Service on defendant Major Singh Bains appears to be improper.  The service on

20   this defendant does not comply with Federal Rule of Civil Procedure 4(e)(1) or (2).  Although

21   the proof of service indicates this defendant's brother was served with the summons at

22   defendant's "usual place of abode," the address for service is the address of defendant's

23   business, not his dwelling.  The court therefore will vacate the entry of default against this

24   defendant inasmuch as service of summons has not yet been properly effected.

25          With respect to the remaining defendants, service of summons is proper.  The

26   complaint in this matter was served upon defendants S & B LLC and Harjeet Singh Sanghera on

1

August 3, 2007 and proof of service was filed August 23, 2007.  Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction).  The Clerk of the Court entered defaults against defendants on November 29, 2007.  Plaintiff's present motion for entry of default judgment was served by mail on defendants at defendants' business address.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint.  The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir. 1974).  There are no policy considerations to preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (enumerating factors to be considered).

Accordingly, IT IS HEREBY ORDERED that:

1.  The default entered November 29, 2007 against defendant Major Singh Bains is vacated; and

2.  Plaintiff's motion for default judgment against defendant Major Singh Bains is denied without prejudice.

IT IS HEREBY RECOMMENDED that plaintiff's motion for entry of default judgment be GRANTED, and that:

1.  Judgment be awarded jointly and severally against defendants S & B LLC and Harjeet Singh Sanghera for damages, in the amount of $24,000; and

2.  Injunctive relief be granted requiring a van accessible disabled parking space and an accessible path of travel from the access aisle of that van accessible parking space to the

1  main entry of the restaurant, known as the "Sizzler Steak & Seafood" located at 201 West Court

2  Street, Woodland, California, in conformity with the Americans with Disabilities Act

3  Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

4          These findings and recommendations are submitted to the District Judge assigned

5  to this matter, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being

6  served with these findings and recommendations, any party may file written objections with the

7  court and serve a copy on all parties.  Such a document should be captioned "Objections to

8  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

9  and filed within ten days after service of the objections.  The parties are advised that failure to

10  file objections within the specified time may waive the right to appeal the District Court's order.

11  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  DATED:  December 19, 2007.

13

14  006
      johnson-s&b.def
15

_____
U.S. MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26